IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MIKE VAN NOTE**, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**INTERNATIONAL FLAVORS & FRAGRANCES INC.**,<br><br>　　　　Defendant. | CASE NO. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Named Plaintiff Mike Van Note ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Collective and Class Action Complaint against Defendant International Flavors & Fragrances Inc. ("Defendant") for its failure to pay employees all overtime wages earned, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**INTRODUCTION**

1. This case challenges certain policies and practices of Defendant that violate the FLSA and the IMWL for failure to pay all compensable time, resulting in unpaid overtime.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Named Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL on behalf of other similarly situated employees employed by Defendant in Illinois.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant operates in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

A.   **Named Plaintiff**

7. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Illinois. Named Plaintiff's consent is attached as **Exhibit A**.

8. Named Plaintiff was employed by Defendant from approximately 2016 through November 2021, as an hourly, non-exempt production "employee" of Defendant as defined in the FLSA and the IMWL. Specifically, Named Plaintiff was employed by Defendant as an hourly operator at its location in Gibson City, Illinois (Ford County).

9. During his employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

10. During his employment, Defendant did not compensate Named Plaintiff for integral and indispensable work. As a result, Named Plaintiff was not fully and properly paid for all hours worked in violation of the FLSA and the IMWL.

11. Likewise, Defendant applied the unlawful pay practice and/or policy alleged herein to its other similarly situated hourly, non-exempt employees. These similarly situated hourly employees worked 40 or more hours in given workweeks. Defendant's practices and/or policies resulted in these similarly situated hourly employees not being paid overtime wages earned in violation of the FLSA the IMWL.

**B.  Defendant**

12. Defendant is a for-profit New York corporation that operates and conducts substantial business activities in the Central District of Illinois.

13. Defendant holds itself out as "a leader in food, beverage, health, biosciences and scent experiences."[1]

14. Defendant is engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that it has employees, including Named Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

---

[1] https://www.iff.com/ (last viewed 9/13/23).

16. Defendant employed Named Plaintiff and other similarly situated employees at its facilities across the country.

17. Defendant applies substantially the same employment policies, practices, and procedures to all employees across all locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

18. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated hourly production employees to work. The work that Named Plaintiff and other similarly situated hourly production employees performed was for Defendant's benefit and was integral and indispensable to the work they were hired to perform.

19. At all times relevant hereto, Defendant was fully aware of the fact that they were legally required to comply with the FLSA and the IMWL.

## FACTS

20. Defendant employed Named Plaintiff and others similarly situated hourly production employees in its production and manufacturing of various products, including food products meant for human consumption. Such products and ingredients, with which Named Plaintiff and others similarly situated directly worked, include, but are not necessarily limited to, the following: flour; bean meal; and nuggets.

21. For example, one of Named Plaintiff's job duties included converting soybeans into flour.

22. Named Plaintiff and others similarly situated were required to complete shift "relief", in which the oncoming employee would discuss the preceding shift with the employee to be relieved, regarding any issues that may have arisen during their shifts.

23. "Relief" typically took upwards of 15 minutes, and sometimes more. In order to

complete "relief" within the mandatory time restraints set by Defendant, Named Plaintiff and others similarly situated were required to arrive to work early. If relief took too long, employees were subject to reprimand/discipline from Defendant.

24. Also, managers/supervisors of Named Plaintiff and others similarly situated would sometimes hold mandatory pre-shift meetings, before the employees clocked in. Depending on the day and what was discussed, these meetings could take approximately 15 minutes, and upwards of 30 minutes.

25. Completing the "relief" at shift change was unpaid because Defendant paid Named Plaintiff and others similarly situated only from their shift start times to their shift end times.

26. For example, Defendant had a strict companywide policy that Named Plaintiff and others similarly situated could not clock in more than 7 minutes before their shift start times. So, even if the employee clocked in at 4:53 AM for a 5:00 AM shift start, and started "relief" around that time, the employer consistently, on a day-to-day basis, rounded the pay time in its own favor to the shift start time only, thereby denying each respective employee of earned compensation for performing integral and indispensable work activity.

27. Similarly, work activity performed at the end of the shift routinely went unpaid because of Defendant's strict policy of routinely rounding in its own favor and reprimanding employees for taking too long to complete integral and indispensable work such as giving and receiving shift "relief."

28. Receiving and giving relief was integral and indispensable to the work that Named Plaintiff and others similarly situated were hired to perform.

29. Defendant's companywide policies described herein resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work.

30. There was no administrative difficulty of recording the time that Named Plaintiff and other similarly situated employees spent performing the otherwise unpaid compensable work.

31. Named Plaintiff and others similarly situated routinely worked more than 40 hours per workweek. Therefore, Defendant failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime earned.

32. As a result of Defendant's companywide policy and/or practice described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated hourly production employees for all overtime pay that they actually earned.

33. At all times relevant herein, Named Plaintiff and others similarly situated were "employees" of Defendant as defined in the FLSA and the IMWL.

34. At all times relevant herein, Defendant was an "employer" of Named Plaintiff and others similarly situated as that term is defined in the FLSA and the IMWL.

35. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

36. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

**FLSA COLLECTIVE ALLEGATIONS**

37. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees of the following opt-in collective:

> **All current and former hourly, production employees of Defendant, who were paid for 40 or more hours of work in any workweek from three (3) years preceding the filing of this Complaint through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

38. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

39. During all relevant times, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages that they earned.

40. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

41. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein. Defendant violated the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of the FLSA collective of other similarly situated hourly production employees and is acting on behalf of their interests as well as his own in bringing this action.

42. The identities of the putative FLSA Collective Members are known to Defendant and readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

43. The net effect of Defendant's aforementioned policies and/or practices is that Defendant willfully failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## RULE 23 CLASS ALLEGATIONS

44. Named Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all a class of persons employed by Defendant in Illinois within the last three (3) years ("Illinois Class") defined as:

> **All current and former hourly, production employees of Defendant, who were paid for 40 or more hours of work in any workweek in Illinois from three (3) years preceding the filing of this Complaint through the final disposition of this case**.

45. The lass is so numerous that joinder of all class members is impracticable. Named Plaintiff is unable to state the exact size of the potential Illinois Class but, upon information and belief, avers that it consists of at least more than 50 people.

46. There are questions of law or fact common to the Illinois Class including whether Defendant failed to pay its employees for all earned overtime.

47. Named Plaintiff will adequately protect the interests of the Illinois Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Illinois Class members. Named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Illinois Class in this case.

48. The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Illinois Class are common to the class and predominate over any questions affecting only individual class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Illinois Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT ONE
### (FLSA – Collective Action for Unpaid Overtime)

50. All preceding paragraphs are realleged as if fully rewritten herein.

51. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

52. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

53. Defendant employed Named Plaintiff and the FLSA Collective Members.

54. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

55. Named Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in one or more workweek(s) but were not paid for all overtime hours worked.

56. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over 40 hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

57. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

58. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

59. The exact total amount of compensation, including overtime compensation, that Defendant have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

60. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

**COUNT TWO**
**(Illinois Class Overtime Violations)**

61. All preceding paragraphs are realleged as if fully rewritten herein.

62. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as hourly non-exempt employees.

63. At all relevant times, Named Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

64. The IMWL requires that Defendant pay its hourly non-exempt employees, including Named Plaintiff and other similarly situated employees, overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

65. During their employment with Defendant, Named Plaintiff and other similarly situated employees were required to perform unpaid compensable work, resulting in unpaid overtime in violation of IMWL 820 ILCS 105/1 *et seq*.

66. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the IMWL.

67. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action under Fed. R. Civ. P. 23 as to the Illinois Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to the FLSA and the Illinois Class pursuant to the IMWL;

D. Award Plaintiff, the Opt-Ins who join this case pursuant to the FLSA and the Illinois Class actual damages for unpaid wages;

E. Award liquidated damages to Plaintiff, the Opt-Ins who join this case pursuant to the FLSA and the Illinois Class to the maximum amount permitted by applicable law (100% under the FLSA and 200% under the IMWL);

F. Award Plaintiff and the Illinois Class statutory damages for overtime wage violations pursuant to the 5% interest penalties for IMWL violations;

G. Award Plaintiff, the Opt-Ins who join this case pursuant to the FLSA and the Illinois Class attorneys' fees, costs, and disbursements; and,

H. Award Plaintiff, the Opt-Ins who join this case pursuant to the FLSA and the Illinois Class and the putative class further and additional relief as this Court deems just and proper.

## JURY DEMAND

Named Plaintiff hereby demand a trial by jury on all claims so triable.

Dated: September 26, 2023

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar 0076017)
NILGES DRAHER LLC
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
hnilges@ohlaborlaw.com

*Attorney for Named Plaintiff*
*and those similarly situated.*