IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MIKE VAN NOTE**, on behalf of himself and others similarly situated, | ) Case No. 2:23-cv-02211-CSB-EIL ) |
| Plaintiff, | ) Judge Colin S. Bruce ) ) Magistrate Judge Eric I. Long |
| vs. | ) ) |
| **INTERNATIONAL FLAVORS & FRAGRANCES INC.**, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT AND MOTION TO CONDUCT FINAL APPROVAL HEARING BY PHONE OR VIDEO CONFERENCE**

Representative Plaintiff Mike Van Note ("Representative Plaintiff"), on behalf of himself and the Class Members (as defined in below), and Defendants International Flavors & Fragrances Inc., Solae Holdings LLC, and Solae LLC ("Defendants") respectfully move this Court to grant final approval of the Settlement Agreement reached in this case pursuant to Fed. R. Civ. P 23(e) ("Settlement").

Notice of the proposed settlement in this case has been sent to the Class and this settlement is ripe for final approval. The Parties respectfully request that the Final Approval Hearing scheduled for July 14, 2025, be conducted by phone or video conference, and that after the hearing, that the Court enter an Order:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$702,500.00**.

2. Granting final approval of a payment to Class Counsel of **$234,166.67** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$17,803.02** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5. Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as **Exhibit 1**. The reasons for this Motion are as follows:

## MEMORANDUM IN SUPPORT

### I. RELEVANT PROCEDURAL HISTORY

On September 26, 2023, Named Plaintiff, on behalf of himself and others similarly situated, filed this action in the United States District Court for the Central District of Illinois, styled *Van Note v. International Flavors & Fragrances Inc.*, Case No. 2:23-cv-02211-CSB-EIL (the "Action"). (ECF No. 1). On December 7, 2023, Named Plaintiff filed an Amended Complaint. (ECF No. 24). In the Action, Named Plaintiff asserted collective and class claims against Defendants, including that Defendants failed to pay hourly production employees for time spent performing pre-shift work including "shift relief" activities resulting in unpaid overtime in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL").

Defendants deny all claims asserted in the Action and continue to deny all claims and liability. (ECF Nos. 19, 32). Defendants further maintain that they have complied with all state and federal wage and hour laws. On May 2, 2024, the Court granted in part and denied in part, Named Plaintiff's Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). (ECF No. 50).

On November 19, 2024 the Parties mediated this case with Michael L. Russell, and reached an agreement at the mediation. (ECF No. 63).

On February 5, 2025, the Court: Granted preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e); Approved the FLSA settlement (as the Rule 23 standards exceed those of the Fair Labor Standards Act of 1938); Conditionally certified, for settlement purposes only, a Rule 23 class and FLSA collective of current and former hourly employees of Defendants who engaged in production work, who performed "hand off" or "shift relief," and worked more than 40 hours in at least one workweek during the period of September 26, 2020, through November 19, 2024, and which includes Named Plaintiff, Opt-in Plaintiffs, and the Rule 23 Class Members; Approved the Notice of Settlement to class members; Directed the Parties to mail the Notice in accordance with the Agreement; Approved Analytics Consulting LLC as the Settlement Administrator; and Scheduled a Final Approval Hearing for July 14, 2025. (ECF No. 68).

The Parties engaged Analytics Consulting LLC as the Settlement Administrator. (*See* Declaration of Jeff Mitchell attached as **Exhibit 2**). On or around February 25, 2025, the Settlement Administrator received a spreadsheet from defendant's counsel containing the names, mailing addresses, email addresses, phone numbers, and employment dates for Class Members ("Class Data"). The Class Data identified 263 unique Class Members. (*Id.* at ¶ 6). The Settlement Administrator imported the data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. (*Id.* at ¶ 7). On May 5, 2025, the Settlement Administrator mailed by first-class mail the Court-approved "Notice of Proposed Class Action and Fairness Hearing" ("Notice") to the Class Members. Notice was also sent by email and text, where available. A copy of the

Notice template is attached to the Settlement Administrator's declaration, as Exhibit A. (*Id.* at ¶ 8). Four Notices were returned by the U.S. Postal Service with a forwarding address. The Settlement Administrator updated the class list with the forwarding address and processed a re-mail of the Notice to the updated addresses. (*Id.* at ¶ 9). The Settlement Administrator states that twelve Notices were returned by the U.S. Postal Service without a forwarding address. The Settlement Administrator conducted a skip trace in an attempt to ascertain a valid address for the affected Class Members. As a result of these efforts, seven new addresses were identified for Class Members. The Settlement Administrator subsequently updated the Class List with the new address and remailed the Notice to each of the affected Class Members. (*Id.* at ¶ 10).

The Notice gave Class Members until April 21, 2025, to object to or opt out of the settlement. The Settlement Administrator received zero exclusion requests and no class member has filed any objection to the settlement. (*Id.* at ¶¶ 11-12). Having completed the notice process, the Parties now move this Court for final approval of the Settlement of Class Action claims pursuant to Civ. R. 23(e).

II.    **LAW AND ANALYSIS**

    A.    **The Standard for Approval of a Class Action Settlement.**

In the Parties' Joint Motion for Approval of FLSA Settlement and for Preliminary Approval of Class Action Settlement and Memorandum in Support, filed on January 3, 2025, the Parties analyzed the Settlement in this case under each of the relevant factors. (ECF No. 66 at Pages #3-16). The arguments set forth in the Motion for Preliminary Approval also apply here and demonstrate why the Settlement should be granted final approval.

In addition, the results of the notice process weigh strongly in favor of approval. Out of **263** notices that were mailed, not one person requested exclusion, and no class members objected

4

to the Settlement, resulting in a 100% inclusion rate for the Settlement. This factor weighs strongly in favor of approval. *See, e.g., White v. Kroger Ltd. P'ship I*, No. 3:20-CV-1270-NJR, 2024 U.S. Dist. LEXIS 120477, at *4 (S.D. Ill. July 9, 2024) (holding that an exclusion rate of 0.02% supports settlement approval).

In sum, the Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for Preliminary Approval, the Parties respectfully request that the Court grant final approval of this Settlement and enter the proposed Final Order and Judgment Entry attached as **Exhibit 1**.

> **B.** **The Court should approve the payment of attorneys' fees and costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of **$234,166.67**, representing one-third of the settlement fund. Courts generally favor an award of fees from a common fund, as called for by the proposed settlement in this case. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 CIV. 3571, 2017 U.S. Dist. LEXIS 73816, at *9; 2016 WL 5109196, at *4 (N.D. Ill. Sept. 16, 2016); *Young v. Rolling in the Dough, Inc.*, No. 1:17-CV-07825, 2020 WL 969616, at *6; 2020 U.S. Dist. LEXIS 35941, at *15-16 (N.D. Ill. Feb. 27, 2020)(awarding the requested 1/3 of the common fund in IWPCA case, as well as $17,035 in litigation and settlement administration costs), citing *Zolkos v. Scriptfleet, Inc.*, 2015 WL 4275540, *3, 2015 U.S. Dist. LEXIS 91699, at *7 (N.D. Ill. July 13, 2015) (approving 1/3 of total common fund); *In re Union Carbide Corp. Consumer Products Business Securities Litigation*, 724 F. Supp. 160, 168 (S.D.N.Y. 1989)("Contingent fee arrangements implicitly recognize the risk factor in litigation and that the winning cases must help

5

pay for the losing ones if a lawyer who represents impecunious plaintiffs, or those plaintiffs not so fully committed as to put their own money where their mouth is, will remain solvent and available to serve the public interest."). See also *McLaughlin v. Botting Group, LLC*, Case No. 2017 CV 12094 (Tuscarawas County, Ohio Court of Common Pleas) (awarded a one-third fee in $5,935,000.00 settlement); *Roberts v. Railworks*, Case No. 50-2016-CA-002028 (Circuit Court of the Fifteenth Circuit for Palm Beach County, Florida) (awarded a one-third fee in $4,950,000.00 settlement); *Langston v. U.S. Security Associates*, Case No. 5:18-cv-00868 (W.D. Okla.) (awarded a one-third fee in $4,250,000.00 settlement); *Raiser v. Menard, Inc.*, Case No. 3:18-cv-00314 (N.D. Ohio) (awarded a one-third fee in $4,000,000.00 settlement); *Fullerton v. Golden Flake Snack Foods, Inc.*, Case No. 3:17-cv-00296 (N.D. Fla) (awarded a one-third fee in $1,750,000.00 settlement); *Jurden v. Utz Quality Foods, Inc.*, Case No. 1:15-cv-02196 (M.D. Pa.) (awarded a one-third fee in $2,500,000.00 settlement); *Kizeart*, 2024 U.S. Dist. LEXIS 134724, at * 5; *Turnham v. Nationwide Inbound, Inc.*, No. 3:23-cv-50014, 2024 U.S. Dist. LEXIS 46790 (N.D. Ill. Mar. 14, 2024); and *Bradley v. Menard, Inc.*, Case No. 2:17-cv-00165 (S.D. Ind.) (awarded a one-third fee in $1,500,000.00 settlement).

Class Counsel also requests that the Court approve reimbursement of **$17,803.02** in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement, and for the payment of settlement administration costs, as provided in the Agreement.

### C. The Court Should Approve the Service Award for Representative Plaintiff

Finally, the Parties request that the Court approve a payment of **$5,000.00** to Representative Plaintiff. As outlined in their Joint Motion for Preliminary Approval, "plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny." ECF No. 66 at Page #16, *citing Furman v. At Home Stores, LLC*,

No. 1:16-CV-08190, 2017 U.S. Dist. LEXIS 73816, at *5 (N.D. Ill, May 1, 2017); *Koszyk*, 2016 WL 5109196, at *2; 2016 U.S. Dist. LEXIS 126893, at *4 (N.D. Ill. Sept. 16, 2016), citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it necessary to induce an individual to participate in the suit.").

> **D. The Parties respectfully request that the Final Approval Hearing be conducted by phone of video conference.**

The Court's preliminary approval order and the notice sent to class members both indicated the Final Approval Hearing could be converted to telephone or video without notice to the class. (*See* ECF Nos. 67-1 at 25; ECF No. 68 at 4, ¶ 18). As outlined in the Settlement Administrator's attached declaration, there have been no requests for exclusion and no objections to settlement approval. **Ex. 2** at ¶¶ 11-12. Accordingly, the Parties respectfully request that the Court conduct the Final Approval hearing by either phone or video conference, with the primary reason of conserving resources of all Parties and the Court.

## III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as **Exhibit 1**:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$702,500.00**.

2. Granting final approval of a payment to Class Counsel of **$234,166.67** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$17,803.02** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5. Dismissing this case with prejudice.

7

Respectfully submitted,

| | |
|---|---|
| */s/ Hans A. Nilges* | */s/ Steven F. Pockrass (with permission)* |
| Hans A. Nilges (OH 0076017) | Steven F. Pockrass |
| **NILGES DRAHER LLC** | **OGLEETREE, DEAKINS, NASH,** |
| 7034 Braucher Street NW, Suite B | **SMOAK & STEWART, P.C.** |
| North Canton, OH 44720 | 300 N. Meridian Street, Suite 2700 |
| Telephone: (330) 470-4428 | Indianapolis, IN 46204 |
| Facsimile: (330) 754-1430 | Telephone: (317) 916-2172 |
| Email: hans@ohlaborlaw.com | Facsimile: (317) 916-9076 |
| | Email: steven.pockrass@ogletree.com |
| Robi J. Baishnab (OH 86195) | |
| **NILGES DRAHER LLC** | Kristina M. Wright |
| 1360 E. 9th Street, Suite 808 | **OGLEETREE, DEAKINS, NASH,** |
| Cleveland, OH 44114 | **SMOAK & STEWART, P.C.** |
| Telephone: (216) 230-2955 | 155 North Wacker Drive, Suite 4300 |
| Facsimile: (330) 754-1430 | Chicago, Illinois 60606 |
| Email: rbaishnab@ohlaborlaw.com | Telephone: (312) 558-1236 |
| | Facsimile: (312) 807-3619 |
| Matthew J.P. Coffman (OH 0085586) | Email: kristina.wright@ogletreedeakins.com |
| **COFFMAN LEGAL, LLC** | |
| 1550 Old Henderson Rd. Suite #126 | *Counsel for Defendants* |
| Columbus, Ohio 43220 | |
| Phone: 614-949-1181 | |
| Fax: 614-386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | |

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hans A. Nilges
*Class Counsel*