IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MIKE VAN NOTE**, on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) ) vs. ) ) **INTERNATIONAL FLAVORS & ) FRAGRANCES INC.**, *et al*., ) ) ) Defendants. ) | Case No. 2:23-cv-02211-CSB-EIL<br><br>Judge Colin S. Bruce<br><br>Magistrate Judge Eric I. Long<br><br><u>**ORDER GRANTING**</u><br><u>**FINAL APPROVAL OF CLASS**</u><br><u>**ACTION SETTLEMENT**</u> |

Representative Plaintiff Mike Van Note ("Representative Plaintiff"), on behalf of himself and the Class Members (as defined in below), and Defendants International Flavors & Fragrances Inc., Solae Holdings LLC, and Solae LLC ("Defendants") have moved the Court, pursuant to Fed. R. Civ. P 23(e), for entry of an Order as follows:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$702,500.00**.

2. Granting final approval of a payment to Class Counsel of **$234,166.67** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$17,803.02** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5. Dismissing this case with prejudice

Having reviewed the Agreement, as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Motion"), the declarations on file, including that of the settlement administrator, and the pleadings and papers on file in this Action, and for

good cause established therein, the Court hereby enters this Order granting final approval of the Rule 23 Class Action Settlement, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

2. On September 26, 2023, Representative Plaintiff filed the instant lawsuit (the "Action"). (ECF No. 1). On December 7, 2023, Representative Plaintiff filed an Amended Complaint. (ECF No. 24). In the Action, Representative Plaintiff asserted collective and class claims against Defendants, including that Defendants failed to pay hourly production employees for time spent performing pre-shift work including "shift relief" activities resulting in unpaid overtime in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL").

3. Defendants deny all claims asserted in the Action and continue to deny all claims and liability. (ECF Nos. 19, 32). Defendants further maintain that they have complied with all state and federal wage and hour laws. On May 2, 2024, the Court granted in part and denied in part, Representative Plaintiff's Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). (ECF No. 50).

4. On November 19, 2024, the Parties mediated before third-party neutral, Mediator Michael L. Russell, and reached an agreement at the mediation.

5. On February 5, 2025, the Court granted preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e); Approved the FLSA settlement (as the Rule 23 standards exceed those of the Fair Labor Standards Act of 1938); Conditionally certified, for settlement purposes only, a Rule 23 class and FLSA collective of current and former hourly employees of Defendants who engaged in production work, who performed "hand off" or "shift relief," and

worked more than 40 hours in at least one workweek during the period of September 26, 2020, through November 19, 2024, and which includes Named Plaintiff, Opt-in Plaintiffs, and the Rule 23 Class Members; Approved the Notice of Settlement to class members; Directed the Parties to mail the Notice in accordance with the Agreement; Approved Analytics Consulting LLC as the Settlement Administrator; and Scheduled a Final Approval Hearing for July 14, 2025. (ECF No. 68), which was subsequently converted to phone/video pursuant to the Parties' joint request.

6. The Agreement resolves the individual and class claims of the Representative Plaintiff and Class Members pursuant to Illinois law and its regulations, and ordinances. The Agreement is subject to approval by the Court pursuant to Civ. R. 23(e).

7. The issues in this case were contested. The Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating collective and class wage and hour claims.

8. The Parties have filed a declaration from the Settlement Administrator verifying that Class Notices were distributed in the form and manner approved by the Court. Not one prospective Class Member opted out, and none objected to the Settlement.

9. The Court finds that the members of the Class were given adequate notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Rule 23 and due process.

10. The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Rule 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate

representative of the Class and possesses the same interests and suffered the same alleged injuries as the other Class members. The Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

11. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

12. The Court therefore orders that the Total Settlement Amount in the amount of **$702,500.00** be paid by Defendant and distributed in the manner described in the Agreement.

13. The Court approves the Service Award to Representative Plaintiff in the amount of **$5,000.00**, and orders that it be paid in the manner, and upon the terms and conditions, set forth in the Agreement.

14. The Court approves the payment of attorneys' fees of **$234,166.67** (representing one-third (1/3) of the Total Settlement Amount) and **$17,803.02** in litigation expenses, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Agreement.

15. The Court approves the payment to the settlement administrator as provided in the Agreement.

16. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Agreement.

17. The Court dismisses this action with prejudice.

18. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement.

19. The Court retains jurisdiction over this Action to enforce the Agreement.

20. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this  14th  day of   July         , 2025

                                      *s/ Colin S. Bruce*
                                      COLIN S. BRUCE
                                      U.S. DISTRICT JUDGE